57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John KUPKA, Defendant-Appellant.
 No. 94-10224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1995.
Decided May 25, 1995.
 
 Before: CUMMINGS*, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a jury trial, John Kupka was convicted of conspiracy to commit wire and mail fraud, 18 U.S.C. Sec. 371, mail fraud and aiding and abetting, 18 U.S.C. Sec. 1341-42, and wire fraud, 18 U.S.C. Sec. 1343. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Kupka contends that the court erred in concluding that, for the most part, he failed to make a prima facie case so as to shift to the government the burden of showing all of its evidence was untainted. We review the determination that the government's evidence was untainted by a grant of immunity for clear error. United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir. 1995). The magistrate carefully and thoroughly considered the evidence, made findings of fact about what information Kupka had provided, and struck those counts of the information and excluded those items of evidence that related to Kupka's communications. The court did not clearly err in failing to find any other improper use of immunized testimony.
 
 II
 
 4
 The refusal to dismiss the indictment on the basis that the government's conduct was not outrageous is reviewed de novo. Montoya, 45 F.3d at 1291. An indictment is to be dismissed for outrageous government conduct "only when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice." Id. at 1300. None of the actions cited by Kupka constitutes outrageous government conduct.
 
 III
 
 5
 Kupka contends that the court abused its discretion in denying his discovery request for access to the FBI computer. As Kupka failed to connect his claim of misconduct to information that would be obtained from inspection of the computer, the court did not abuse its discretion.
 
 IV
 
 6
 Kupka contends that the court clearly erred in calculating the loss used for sentencing. The court need only make a reasonable estimate of loss, and market value may be an appropriate measure of that loss. United States v. Mullins, 992 F.2d 1472, 1479 (9th Cir. 1993). The calculation of loss was not improper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3